# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SHANE LUCAS**<br>**Varnum Street, NE**<br>**Washington, DC** | ) <br> ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **v.** | ) <br> ) |
| **DISTRICT OF COLUMBIA,**<br>**John A. Wilson Building**<br>**1350 Pennsylvania Avenue, NW**<br>**Suite 600**<br>**Washington, DC 20004** | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Officer Carlton B. Wicker**<br>**Metropolitan Police Department**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001** | ) <br> ) <br> ) <br> ) <br> ) |
| **Officer Jeffery Clay**<br>**Metropolitan Police Department**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001** | ) <br> ) <br> ) <br> ) <br> ) |
| **Officer Timothy Ford**<br>**Metropolitan Police Department**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001** | ) <br> ) <br> ) <br> ) <br> ) |
| **Chief Charles Ramsey**<br>**Metropolitan Police Department**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001** | ) <br> ) <br> ) <br> ) <br> ) |
| **Chief Cathy Lanier**<br>**Metropolitan Police Department**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001** | ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

## NOTICE OF REMOVAL

Defendants District of Columbia, Officer Carlton B. Wicker, Officer Jeffrey Clay, Officer Timothy Ford, Chief Charles Ramsey, and Chief Cathy Lanier, by and through undersigned counsel, respectfully present this Notice of Removal from the Superior Court of the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1441, *et seq.*, and state as grounds for removal:

1.    Plaintiff Shane Lucas has filed an action against the defendants in the Superior Court of the District of Columbia, Civil Division, Case No. 07 CA 002762 B, alleging that the defendants "subjected [Plaintiff] to the deprivation of rights guaranteed by the United States Constitution and 42 U.S.C. Section 1983." Compl. ¶ 28.

2.    This action is removable to this Court because of the existence of federal questions raised by Plaintiff's Complaint. Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. *See* 28 U.S.C. § 1441(b). In paragraphs 26 through 30 and 36 through 42, the plaintiff raises a federal question by asserting federal claims actionable pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received or sent by undersigned counsel in this matter are attached hereto as Exhibit 1 and incorporated by reference herein.

WHEREFORE, defendants pray the action now pending against the in the Superior Court of the District of Columbia, Civil Division, be removed to this Court.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

2

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


        /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov


DATE:        June 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2007, I caused the foregoing Notice of Removal to be filed with the Clerk of the D.C. Superior Court using the CaseFileXpress system, which will send notification of such filing to:

John Floyd, III
1717 K Street, NW #600
Washington, DC 20036

Roosevelt F. Brown, III
7600 Georgia Avenue, NW # 203
Washington, DC 20012


Shana L. Frost
Assistant Attorney General



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

SHANE LUCAS
    Vs.

Officer CARLTON B WICKER Sr

C.A. No.    2007 CA 002762 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge JENNIFER M ANDERSON
Date:   April 19, 2007
Initial Conference: 9:30 am, Friday, July 20, 2007
Location:  Courtroom A-50
        515 5th Street N.W.
        WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance).  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc



CA Form 1

# Superior Court of the District of Columbia

**CIVIL DIVISION**

500 Indiana Avenue, N.W.,  Room JM-170

Washington, D.C. 20001  Telephone: 879-1133

_Shane Lucas_

vs.                              *Plaintiff*

Civil Action No. **0002762-07**

_Cathy Lanier_

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.    If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays.  You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff.  If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_____                    *Clerk of the Court*

Name of Plaintiff's Attorney

_7400 Georgia Ave NW #203_           By _____

Address _Washington, DC 20012_                           Deputy Clerk

_(202) 91-1900_                                    Date _____

Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SHANE LUCAS                                    :
Varnum Place NE                                :
Washington D.C.                                :
      Plaintiff ,                              :
                                               :
                                               :
v.                                             :
                                               :
OFFICER CARLTON B. WICKER SR    :
OFFICER JEFFREY CLAY                    :
OFFICER TIMOTH FORD                     ;
JOHN DOES AND OTHER UNNAMED :
OFFICERS OF THE METROPOLITAN :    Civil Action No. _____ 0002762-07
POLICE DEPARTMENT                       :
THIRD DISTRICT HEADQUARTERS  :
1624 V STREET, NW                           :
WASHINGTON D.C.  2001                   :
                                               :
HON. ADRIAN FENTY, MAYOR         :
SERVE: Office of Secretary                 :
Taath Braxton                                     :
1350 Pennsylvania Avenue, NW            :
Washington,D.C.  20001                      :
                                               :
THE DISTRICT OF COLUMBIA         :
Serve:  Office of the Attorney General  :
Darlene Fields                                     :
441 Fourth Street NW, 6 Floor            :
Washington, D.C.                               :
                                               :
PATRICK RAMSEY, Chief of Police   :
CATHY LANIER, Acting Chief            :
Metropolitan Police Department          :
300 Indiana Avenue, NW                     :
Wahington, D.C.  20001                     :
                                               :
      Defendants.                              :

RECEIVED
Civil Clerk's Office

APR 1 9 2007

Superior Court of the
District of Columbia
Washington, D.C.

<u>COMPLAINT FOR DAMAGES PERSONAL INJURY</u>
(ASSAULT AND BATTERY, NEGLIGENCE, FALSE ARREST, MALICIOUS
PROSECUTION, EXCESSIVE FORCE, INTENTIONAL INFLICTIONAL OF
EMOTIONAL DISTRESS, NEGLIGENT TRAINING AND SUPERVISION)

**COMES NOW**, Shane Lucas, Plaintiff, by and through his attorney's John C.

Floyd III, and Roosevelt F. Brown, III,  Esquire, and brings this cause of action against

Defendants, and for his Complaint states:

## **JURISDICTION**

1. This Court has jurisdiction pursuant to D.C. Code  Sections, 11-921, 13-

422; 13-423; 1-109; and 2-402 (2001 edition) and 42 USC 1983 and 42 USC 1986..

2. Shane Lucas, ~~N. Brown~~ is an adult resident of the District of Columbia,

residing at 1678 Varnum Street, NE, Washington, D.C.

3. Officer Carlton B. Wicker, is a member of the District of Columbia Police

Department and a citizen of the United states.

4. Officer Jeffrey Clay, is a member of the District of Columbia Police

Department and a citizen of the United states.

5. Officer Timothy Ford , is a member of the District of Columbia Police

Department and a citizen of the United states.

6.  Defendant District of Columbia is, and was at all times herein relevant to this

Complaint, the employer of and responsible for the hiring, training, supervision,

retaining in its employment, and continued employment of all members of or police

officers of the Metropolitan Police Department.

7.  All acts and omissions herein alleged to have been those of any member of

the Metropolitan Police Department were performed by them in their capacity as police officers and agents, servants, and employees of the Defendant and were within the scope of their employment by the Defendant.

8.  All acts and omissions herein alleged occurred in Washington, D.C.

9.  The named police officers as well as the unknown, unnamed police officers were all members of the D.C. Metropolitan Police  Department at the time of the incident.

## Facts

## COUNT I

## (Assault and Battery)

Plaintiff re-states and incorporates by reference each and every allegation contained in Paragraphs 1-9.

10.  That on or about ~~January 13, 1998~~ *April 20, 2006*, the plaintiff, Shane Lucas, was in the vicinity of 1223 Connecticut Avenue, NW., located in the District of Columbia.

11.  While in the area, Mr. Lucas was a exiting a night club at the listed location and Officer Carlton B. Wicker, Sr.,  accosted him. Mr. Lucas  was assaulted, harassed, threatened and arrested by the bullying tactics of Ofc. Wicker, Officer Jeffrey Clay , and Officer Timothy Ford.

12.  Mr. Lucas was arrested on a pretextual charge that he was accosting a female in the area and that he was the aggressor who had assaulted Ofc. Wicker.  In fact,  it was Mr. Lucas who had extended his hand in apology to the officer at the time that he was assaulted.

13.  Plaintiff was verbally abused by the defendants , Ofcs. Wicker, Clay and

Page 3

Ford, and placed the Plaintiff in immediate apprehension of fear of physical contact and bodily harm by these officers. Initially, by officer Wicker, even though, the Plaintiff tried to walk away, Officer Wicker continued to provoke him with menacing words and manners which suggested that he was about to do the Plaintiff physical harm. The Plaintiff had walked away and only returned to extend his hand to the officers when he was physically assaulted. Plaintiff was physically pushed, shoved, and punched. He did not resist arrest or cause any of the officers to believe that he was resisting arrest.

14. Plaintiff was arrested, booked and taken to the station and was initially seen at the hospital for injuries he sustained as a result of the assault, that occurred on April 20, 2005, he was subsequently released on April 22, 2006, by way of personal recognizance., He was charged in case number 2006CMD 7898, and charged with simple assault. The charges were dismissed on September 26, 2006 for want of prosecution.

15. The officers pressed formal criminal charges against the plaintiff and indicated in the charging documents that he was being charged with Assault on a Police Officer.

16. As a direct result of the threats, pushing, and punches plaintiff suffered bruises to his face, back pain and assorted bruises about his body, which are directly caused by the assault and battery by the defendant.

17. At all time relevant herein, the Defendants, and District of Columbia and the Metropolitan Police Department and its employees, their police officers had a continuing duty to exercise due care in effectuating a detention and/or arrest of the public.

18.   The Defendants breached this duty of care and proximately caused the injuries that the plaintiff is complaining of , and the resulting injuries by willful and wanton acts.

19.   As a direct and proximate result of the aforementioned negligence, the Plaintiff proximately suffered damages which include but is not limited to: bodily injuries, medical expenses, income loss, pain and suffering, emotional distress, mental anguish and other costs, damages, and expenses.

## COUNT II

### (NEGLIGENCE )

Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 19.

20.   Officers, Wicker, Clay, and Ford and the Unnamed members of the police department had a duty to use reasonable force to effect a detention and/or arrest.

21.   The Defendants breached this duty when they  shoved, punched and attacked the person of  the Plaintiff.

## COUNT III

### False Arrest and Imprisonment

Plaintiff  restates  and  incorporates  by  reference  each  and  every  allegation contained in paragraphs 1 through 21.

22.   The  arrest  of  the  plaintiff  by  members  of  the  D.C.  Metropolitan  Police Department was without reason or justification.

23.   As a direct and proximate result of the false arrest, the Plaintiff suffered

mental anguish, fright, shame and mortification from the indignity and disgrace.

## COUNT IV

### Malicious Prosecution

Plaintiff restates and incorporates by reference each and every allegation contained in paragraph 1 through 23.

24.  The filing of formal criminal charges and the prosecution of these charges by members of the Metropolitan Police Department were without reason or justification. The charges were filed with personal ill will, spite and hostility towards the plaintiff and with deliberate intent to harm the plaintiff.

25. As a direct and proximate result of the Malicious Prosecution, plaintiff suffered mental anguish, fright, shame and mortification from the indignity and disgrace.

### Count V

### Civil Rights--Section 1983--Police Officers

Plaintiff restates and incorporates by reference each and every allegation contained in paragraph 1 through 25.

26. At no time relevant to this action did the Officers have probable cause to detain, search, or arrest the Plaintiff.

27.  These officers, as members of the Metropolitan Police  Department, had a duty to protect the Plaintiff from the deprivation of his constitutional rights, even by members of their own department.

28.  Officers Wicker, Clay and Ford's arrest  of the Plaintiff, along with the named

and unnamed officers providing support and assistance to each other, and failing to protect the Plaintiff directly and proximately subjected Mr. Brown to the deprivation of rights guaranteed by the United States Constitution and 42 U.S.C. Section 1983 in the following ways:

a. wore the uniform of the District of Columbia Metropolitan Police Department;

b. Used the resources and property of the Metropolitan Police Department;

c. were on active duty as Officers of the Metropolitan Police Department;

d. acted using their authority as Officers of the Metropolitan Police Department; and,

e. acted under color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

29. The Officers knew and intended or should have known that their acts would violate the Plaintiff's constitutional rights.

30. Plaintiff is further entitled to exemplary damages to punish the Officers for their knowing and intentional misconduct in violating his constitutional rights.

## COUNT VI

### Intentional Infliction of Emotional Distress--Police Officers

Plaintiff restates and incorporates by reference each and every allegation contained in paragraph 1 through 30.

31. The Officer's treated the Plaintiff in an extreme and outrageous manner, exceeding the bounds of human decency.

32. The Officers intended to cause, or knew that their actions would cause, the Plaintiff, extreme emotional distress.

33. The Officers acted with extreme malice toward the Plaintiff.

34 . As a result of the Officers' actions, Mr. Brown suffered and still suffers from, extreme emotional distress.

35. Mr. Brown is therefore entitled to recover money damages to compensate for the emotional pain and trauma which the officers inflicted upon him.

## Count VII

## Civil Rights--Section 1983--District of Columbia

Plaintiff restates and incorporates by reference each and every allegation contained in paragraph 1 through 35.

36. Prior to this incident, Acting Chief Lanier, the Metropolitan Police Department and the government of the District of Columbia knew or had reason to know that officers of the Metropolitan Police Department were engaged in a widespread and persistent pattern of using excessive force against individuals, abusing their authority as police officers.

37. Defendant Chief Lanier and Former Chief Ramsey, as Chief of Police, is and was responsible for supervising the conduct of all officers of the Metropolitan Police Department.

38. Chief Lanier nor Chief Ramsey; the Metropolitan Police Department did nothing to prevent officers from engaging future misconduct.

39 The outrageous misconduct by the officers shows that their training and supervision by Chief Lanier, and the Metropolitan Police Department has been grossly inadequate.

40. By failing to act to correct this widespread and persistent practice among

Page 8

Metropolitan Police Officers, Chief Lanier, The District of Columbia and the Metropolitan Police Department followed a policy of deliberate indifference and reckless disregard for the constitutional rights of persons with the District of Columbia.

41. The acts of the Officers are directly and proximately the result of Chief Proctor, the District of Columbia's and the Metropolitan Police Department's policy and continued failure to control and prevent such misconduct among its police officers.

42 .As a result of Chief Lanier and Ramsey's and the District of Columbia's policy and failure to act, the Plaintiff has been severely injured, in violation of the United States Constitution, and is entitled to money damages from the District of Columbia.

## COUNT VIII

### Respondent Superior-- District of Columbia

Plaintiff restates and incorporates by reference each and every allegation contained in paragraph 1 through 42.

43. At all times during the circumstances described in this complaint, the officers were acting within the scope of their official duty as Police Officers and employees of the District of

Columbia.

44. The District should therefore be held liable for the common law claims against the defendant Officers and pay appropriate damages to the Plaintiff.

## COUNT IX

### Negligent Training & Supervision--  District of Columbia and Chief Lanier and

### Ramsey

Plaintiff restates and incorporates by reference each and every allegation in

Page 9

paragraph 1 through 44.

45.  On or about April 20, 2006, the District of Columbia and Metropolitan Police Chief Ramsey , were under a duty to properly train, supervise, investigate and correct improper actions of Metropolitan Police officers.

46. The District of Columbia and Chief Ramsey recklessly and without regard for the rights of others, breached their duty to properly train, supervise, investigate and correct the improper actions of its employee police officers.

47.  The District of Columbia and Chief Ramsey disregard for the rights of others, in particular those of the Plaintiff  was the direct and proximate cause of the substantial emotional trauma the Plaintiff sustained.

48. As a result of the District of Columbia and Chief Ramsey and Lanier's failure to act, the Plaintiff suffered from  emotional trauma, extreme humiliation and deprivation of his Constitutional and civil rights.

49.  The Plaintiff is therefore entitled to money damages to compensate for all of his injuries.

### X-- Relief Requested

Plaintiff restates and incorporates by reference each and every allegation in paragraph 1 through 49.

a. Money damages to fully compensate Plaintiff Shane Lucas for medical treatment necessitated by Defendants' acts;

b.  Money damages to fully compensate Plaintiff Shane Lucas for the extreme pain he suffered as a result of Defendants' misconduct.

Page 10

c. Exemplary money damages to punish all the Defendants for their egregious misconduct toward the plaintiffs;

d. Reasonable attorney fees to compensate the Plaintiff for the costs of prosecuting this action, as provided by 42 U.S.C. Section 1983; and,

e. Any other relief which this court decides is necessary in the interest of justice.

**WHEREFORE**, the plaintiff, Shane Lucas, demands judgment against the defendants, jointly and severally in the full and just amount of Five Million Dollars ($5,000,000,00) plus interest and costs of this suit.

Respectfully submitted,

John C. Floyd III, # 322149
1717 K Street, NW, Ste. 600
Washington, D.C. 20036
(202) 638-0500

Roosevelt F. Brown III, #422426
7600 Georgia Avenue, NW, Ste. 203
Washington, D.C. 20012
(202) 291-1900

Attorney for Plaintiff

Page 11

## JURY DEMAND

Plaintiff does hereby respectfully request a trial by jury as to all issues triable herein.

# HENRI J. DINGLE INVESTIGATIONS

4137 Southern Avenue
Suite102
Capital Heights, MD 20743
(240) 821-3272
hinvestigations@hotmail.com

## *AFFIDAVIT OF PROCESS SERVICE*

## DC Superior Court

Civil Division

JUN 0 7 2007

Shane Lucus vs. Darlene Fields

Civil Action No.0002762-07

I Henri J. Dingle, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and within the boundaries of the state or city where service was effected, I was authorized by law to perform said service.

I personally served T. Robinson of the Office of the Attorney General 441 Fourth Street N.W. Washington D.C., on May 21, 2007 at 3:45pm

My place of business 2715 M Street N.W. Washington D.C. 20007 Suite 200

Signature of Process Service

Subscribed and Sworn to before me this ___ day of _____ 2007

Signature of Notary Public

Subscribed and sworn to before me
this ___ day of _____ 2007
R. Renee Johnson
Notary Public, DC
My commission expires 10/14/

Case: 2007 CR 002762 R
BET: CIVASSC

# HENRI J. DINGLE INVESTIGATIONS

4137 Southern Avenue
Suite102
Capital Heights, MD 20743
(240) 821-3272
hinvestigations@hotmail.com

## *AFFIDAVIT OF PROCESS SERVICE*

### DC Superior Court
Civil Division



FILED
CIVIL ACTIONS BRANCH

JUN 0 7 2007

Shane Lucus vs. Patrick Ramsey/Cathy Lanier     Civil Action No.0002762-07

I Henri J. Dingle, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and within the boundaries of the state or city where service was effected, I was authorized by law to perform said service.

I personally served K. Harris of the Office of General Counsel for the D.C. Metropolitan Police Department, at 300 Indiana Ave, N.W. Washington D.C., on May 21, 2007 at 3:30pm.

My place of business 2715 M Street N.W. Washington D.C. 20007 Suite 200

Signature of Process Service

Subscribed and Sworn to before me this _____ day of _____ 2007

Signature of Notary Public

subscribed and sworn to before me
this _____ day of _____ 2007

Lisa Renee Johnson
Notary Public DC
My commission expires 12/14/2011

Case: 2007 CA 002762 B
Dkt: CIVASSC

# HENRI J. DINGLE INVESTIGATIONS



FILED
CIVIL ACTIONS BRANCH
JUN 0 7 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

4137 Southern Avenue
Suite 102
Capital Heights, MD  20743
(240) 821-3272
Investigations@hotmail.com

# AFFIDAVIT OF PROCESS SERVICE
# DC SUPERIOR COURT
Civil Division

<u>Shane Lucas v. Officer Carlton Wicker</u>                    Civil Action No. 0002762-07

I, Henri J. Dingle, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and within the boundaries of the state  or city where service was effected, I was authorized by law to perform said service.

I, personally served Carlton Wicker, of the D.C. Metropolitan Police Department, at 1624 V Street, N.W. Washington, D.C., on May 23, 2007, at 9:30 a.m.

My place of business 2715 M Street, N.W., Suite 200,  Washington, D.C.  20007.

Henri J. Dingle (Signature)

Subscribed and Sworn to before me this ___7th___ day of _____ 2007.

Notary

The District of Columbia: SS
subscribed and sworn to before me
this ____ day of _____ 2007
Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/201_

CASE: 2007 C8 002762 B
[barcode]
DKT: CIVASSC



# HENRI J. DINGLE INVESTIGATIONS

FILED
CIVIL ACTION
JUN 0 7 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

4137 Southern Avenue
Suite 102
Capital Heights, MD  20743
(240) 821-3272
Investigations@hotmail.com

# AFFIDAVIT OF PROCESS SERVICE
# DC SUPERIOR COURT
Civil Division

Shane Lucas v. Officer Timothy Ford                  Civil Action No. 0002762-07

I, Henri J. Dingle, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and within the boundaries of the state  or city where service was effected, I was authorized by law to perform said service.

I, personally served Timothy Ford, of the D.C. Metropolitan Police Department, at 1624 V Street, N.W. Washington, D.C., on May 23, 2007, at 9:30 a.m.

My place of business 2715 M Street, N.W., Suite 200,  Washington, D.C.  20007.

_____
Henri J. Dingle (Signature)

Subscribed and Sworn to before me this ___7th___ day of _____June_____ 2007.

_____
Notary

Casp: 2007 CA 002762 B
[barcode]

The District of Columbia: SS
bscribed and sworn to before me
is____7___day of ___June____2007
sa Renee Johnson
Notary Public, DC
My commission expires 10/14/2011

# HENRI J. DINGLE INVESTIGATIONS



4137 Southern Avenue
Suite 102
Capital Heights, MD 20743
(240) 821-3272
Investigations@hotmail.com

# AFFIDAVIT OF PROCESS SERVICE
# DC SUPERIOR COURT
Civil Division

Shane Lucas v. Officer Jeffrey Clay          Civil Action No. 0002762-07

I, Henri J. Dingle, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and within the boundaries of the state or city where service was effected, I was authorized by law to perform said service.

I, personally served Jeffrey Clay, of the D.C. Metropolitan Police Department, at 1624 V Street, N.W. Washington, D.C., on May 23, 2007, at 9:30 a.m.

My place of business 2715 M Street, N.W., Suite 200, Washington, D.C. 20007.

Henri J. Dingle (Signature)

Subscribed and Sworn to before me this _____ day of _____ 2007.

Notary

The District of Columbia, ss
subscribed and sworn to before me
this ___ day of ____ 2007
Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/2011

K

# HENRI J. DINGLE INVESTIGATIONS

4137 Southern Avenue
Suite102
Capital Heights, MD 20743
(240) 821-3272
hinvestigations@hotmail.com

## *AFFIDAVIT OF PROCESS SERVICE*

### DC Superior Court
Civil Division

> FILED
> CIVIL ACTIONS BRANCH
> JUN 0 7 2007
> SUPERIOR COURT
> OF THE DISTRICT OF COLUMBIA
> WASHINGTON, DC

Shane Lucus vs. Taath Braxton          Civil Action No.0002762-07

I Henri J. Dingle, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and within the boundaries of the state or city where service was effected, I was authorized by law to perform said service.

I personally served T. Braxton of the Office of Secretary at 1350 Pennsylvania N.W. Washington D.C., on May 21, 2007 at 2:30pm.

My place of business 2715 M Street N.W. Washington D.C. 20007 Suite 200

Signature of Process Service

Subscribed and Sworn to before me this _____ 7th _____ day of _____ June _____ 2007

Signature of Notary Public

The District of Columbia: SS
subscribed and sworn to before me
this _____ day of _____
Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/2011

*C*
*07-1109*
*RMC*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Shane Lucas
Varnum Place, NE
Washington, DC

*110 C/*

**DEFENDANTS**

District of Columbia, Officer Carlton B. Wicker, Sr., Officer Jeffrey Clay,
Officer Timothy Ford, Hon. Adrian Fenty, Chief Ramsey, Chief Lanier

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Washington, DC___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) ___Washington, DC___
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John Floyd, III, 1717 K Street, NW #600, Washington, DC 20036
(202) 638-0500

Roosevelt F. Brown, III, 7600 Georgia Avenue, NW # 203
Washington, DC 20012, (202) 291-1900

Case: 1:07-cv-01109
Assigned To : Collyer, Rosemary M.
Assign. Date : 6/20/2007
Description: Civil Rights-Non Employ.

**JURY ACTION**

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 2 U.S. Government
Defendant

◉ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

○ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*     **OR**     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

*— 0 —*

| O  **G.** *Habeas Corpus/ 2255* | O  **H.** *Employment Discrimination* | O  **I.** *FOIA/PRIVACY ACT* | O  **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** <br> (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** <br> (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** <br> (excluding veterans) |

| O  **K.** *Labor/ERISA (non-employment)* | Ⓞ  **L.** *Other Civil Rights (non-employment)* | O  **M.** *Contract* | O  **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☒ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities-Employment** <br> ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** <br> (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding  Ⓞ 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. Sec. 1983 - violation of constitutional rights

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $5,000,000 | Check YES only if demanded in complaint <br> JURY DEMAND:  YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  June 20, 2007    SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

