## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHANE LUCAS,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 07-1109 (RMC)** |
| ) | |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants District of Columbia, Mayor Adrian Fenty, former Chief of Police Charles Ramsey, Chief of Police Cathy Lanier, Officer Carlton B. Wicker, Officer Timothy Ford, and Officer Jeffery Clay, by and through their undersigned counsel, respectfully request that the Court dismiss the individual Defendants in this case.  As explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff has failed to properly serve Officers Wicker, Ford or Clay; and Plaintiff has failed to state a claim against Mayor Fenty, Chief Lanier, or Chief Ramsey.  Defendants further request that the Court dismiss Plaintiff's claims of negligence and malicious prosecution as Plaintiff has failed to state a claim upon which relief can be granted for these claims.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II


_____/s/ Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHANE LUCAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**Civil Action No. 07-1109 (RMC)**

## MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants District of Columbia, Mayor Adrian Fenty,[1] former Chief of Police Charles Ramsey,[2] Chief of Police Cathy Lanier, Officer Carlton B. Wicker, Officer Timothy Ford, and Officer Jeffery Clay, by and through their undersigned counsel, respectfully request that the Court dismiss the individual Defendants in this case. As demonstrated below, Plaintiff has failed to properly serve Officers Wicker, Ford or Clay; and Plaintiff has failed to state a claim against Mayor Fenty, Chief Lanier, or Chief Ramsey. Defendants further request that the Court dismiss Plaintiff's claims of negligence and malicious prosecution as Plaintiff has failed to state a claim upon which relief can be granted for these claims.

---

[1] It is unclear whether Plaintiff actually intended to sue Mayor Fenty. The Mayor is listed as a Defendant in the caption of the case, but Plaintiff makes no reference to the Mayor in the body of the Complaint. Thus, in an abundance of caution, Defendants have included Mayor Fenty and move to dismiss him herein.

[2] Plaintiff refers to Chief Ramsey as "Patrick" Ramsey in his Complaint.

## I.    FACTUAL BACKGROUND

Plaintiff contends that on April 20, 2006,[3] he was "assaulted, harassed, threatened and arrested by the bullying tactics of" Officers Wicker, Clay and Ford when Plaintiff was leaving a nightclub located at 1223 Connecticut Avenue, NW.  Compl. ¶¶ 10-11. Plaintiff asserts that he "was arrested on a pretextual charge that he was accosting a female in the area and that he was the aggressor who had assaulted Ofc. Wicker."  *Id.* ¶ 12.  Plaintiff claims that the officers verbally abused him and that he "had walked away and only returned to extend his hand to the officers when he was physically assaulted." *Id.* ¶ 13.

Plaintiff alleges that after he was treated at the hospital for injuries he allegedly sustained from his encounter with the police, he was arrested and charged with assault on a police officer.  Compl. ¶¶ 14-15.  Plaintiff avers that the charges against him "were dismissed on September 26, 2006 for want of prosecution."  *Id.* ¶ 14.

Plaintiff filed his lawsuit on April 19, 2007 in the Superior Court of the District of Columbia, alleging assault and battery, negligence, false arrest and imprisonment, malicious prosecution, violation of his constitutional rights by the police officers, intentional infliction of emotional distress, violation of his constitutional rights by the District of Columbia, respondeat superior, and negligent training and supervision.  On June 20, 2007, Defendants removed this case to this Court based upon the federal question presented by Plaintiff's civil rights claims under 42 U.S.C. § 1983.

---

[3] The Complaint lists the date of the incident as January 13, 1998.  *See* Compl. ¶ 10.  This date, however, appears to be scratched out with "April 20, 2006" handwritten in.  Later in the Complaint, Plaintiff also lists April 20, 2005 as the date of the incident.  *See* Compl. ¶ 14.  The Complaint also occasionally refers to Plaintiff as "Mr. Brown."  For the purpose of this Motion, Defendants assume that the date of the incident is the more recent handwritten date of April 20, 2006.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the Plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant is therefore entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* Rather, the court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 276 (D.C. Cir. 1994).

Pursuant to Fed. R. Civ. P. 12(b)(5), a party can request that the Court dismiss a complaint for insufficient service of process. *Johnson v. Ashcroft*, 2005 U.S. Dist. LEXIS 17961 (Aug. 17, 2005 D.D.C.). Once such a challenge is made, "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).

### III.    ARGUMENT

#### A.  Plaintiff Has Failed to Properly Serve Officers Wicker, Clay and Ford

While this action was pending in the Superior Court of the District of Columbia,

Plaintiff attempted service of process on Officers Wicker, Clay and Ford.  Superior Court

Civil Procedure Rule 4(e) provides that service on individuals may be effected:

> by delivering a copy of the summons, complaint, and initial order to the
> individual personally or by leaving copies thereof at the individual's
> dwelling house or usual place of abode with some person of suitable age
> and discretion then residing therein or by delivering a copy of the
> summons, complaint and initial order to an agent authorized by
> appointment or by law to receive service of process.

SCR-Civil 4(e)(2).[4]

Plaintiff's process server filed three affidavits indicating that he personally served

Officers Wicker, Clay and Ford at the Third District police station on May 23, 2007 at

9:30 a.m.  *See* Ex. 1 (Aff. of Service – Wicker); Ex. 2 (Aff. of Service – Clay); Ex. 3

(Aff. of Service – Ford).  Put simply, these Affidavits are false.  None of the officers

were personally served as required by the rule.  Officer Wicker has not worked at the

Third District since December, 2006, and was not at the Third District station on May 23,

2007 at 9:30 a.m.  *See* Ex. 4 (Wicker Decl.).  He was never even approached by a process

server regarding this case.  *Id.*  Similarly, while Officers Clay and Ford still remain with

the Third District, neither officer was personally served, nor was personal service

attempted on either officer.  *See* Ex. 5 (Clay Decl.); Ex. 6 (Ford Decl.).  Officers Clay

and Ford work an evening shift and were not present at the Third District when the

---

[4] The Rule also provides that service may also be accomplished "pursuant to District of Columbia law, or
the law of the state or territory in which service is effected, for the service of a summons upon the
defendant in an action brought in the courts of general jurisdiction of that state or territory."  SCR-Civil
4(e)(1).

process server falsely swears that he personally served them at 9:30 a.m. on May 23, 2007. *Id.*

"[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) Plaintiff has not met that burden here, and instead has filed false affidavits with the Superior Court. Thus, the Court should dismiss Officers Wicker, Ford and Clay from this matter.

### B. Plaintiff Has Failed to State a Claim Against Chief Ramsey, Chief Lanier, or Mayor Fenty

Plaintiff's claims against Chief Ramsey, Chief Lanier and Mayor Fenty fail as a matter of law. While Plaintiff has named these officials as defendants to this lawsuit, Plaintiff does not indicate whether Chief Ramsey, Chief Lanier and Mayor Fenty are sued in their official or individual capacities. As Plaintiff's Complaint does not allege any acts against these officials in their individual capacity, Plaintiff is suing them in their official capacities. *See* Compl. *generally.* Thus, Plaintiff's claims against Chief Ramsey, Chief Lanier and Mayor Fenty lie against the District and not those individuals.

It is well-settled that "[a] suit against a municipal official in his official capacity is treated as a suit against the municipality itself." *Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 at *10 (Mar. 2, 2005 D.D.C.) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985); *Atchison v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (1996)). Accordingly, "[a]ny claims against defendant[s] [Ramsey, Lanier and Fenty] in [their] official capacity[ies] proceed against the District of Columbia." *Id.*, citing *Arnold v. Moore*, 980 F. Supp. 28, 36 (D.D.C. 1997).

To the extent that Plaintiff's Complaint can be construed to sue Chief Ramsey, Chief Lanier and Mayor Fenty in their individual capacities, the action must also be dismissed. "[I]n order to find a supervisory official personally liable in damages for the unconstitutional acts of his subordinate it must be shown that he was responsible for supervising the wrongdoer; that a duty to instruct the subordinate to prevent constitutional harm arose from the surrounding circumstances; and that, as a result of the official's failure to instruct, the plaintiff was harmed in the manner threatened." *Fleming v. District of Columbia*, 1989 U.S. Dist. LEXIS 11796, *8 (Oct. 5, 1989 D.D.C.), citing *Haynesworth v. Miller,* 820 F.2d 1245, 1271 (D.C. Cir. 1987). The Complaint is devoid of any allegation that these officials directly supervised any officer involved, or had knowledge or involvement with the allegations in the Complaint. Thus, Chief Ramsey, Chief Lanier and Mayor Fenty must be dismissed from this lawsuit.

### C.  Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted for Negligence

In the District of Columbia, a Plaintiff alleging injury caused by the excessive force of a police officer may assert more than one theory to support recovery, including assault and battery and negligence. *See District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003); *Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C. 1997).[5] However, a claim for assault and battery is separate and distinct from a claim of negligence, and the pleader must assert facts to support each element of whichever claim asserted, and must offer evidence at trial to support each claim. *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000). As explained in *District of Columbia v. Tinker*, 691 A.2d 57, 64

---

[5] *Chinn* has been followed by this Court. *See Johnson v. District of Columbia*, 2005 U.S. Dist. LEXIS 16918 (July 20, 2005 D.D.C.) (Collyer, J.); *Hudson v. District of Columbia*, 2005 U.S. Dist. LEXIS 11505 (June 9, 2005 D.D.C.) (Collyer, J.).

(D.C. 1997), "excessive force is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties." *Tinker*, 691 A.2d at 64. The Court went on to say that nothing in the case law on excessive force even "hints at an element of negligence, or a tort distinct from assault and battery." *Id.*

"In other words, a plaintiff cannot seek to recover by 'dressing up the substance' of one claim [here assault and battery] in the 'garments' of another [negligence]." *Sabir*, 755 A.2d at 452 (quoting *United Nat'l Ins. Co. v. The Tunnel, Inc.*, 988 F.2d 351, 354 (2d Cir. 1993)). The *Sabir* Court bluntly held that "[t]here is no such thing as a negligent assault." *Id.* (quoting 1 F. Harper & F. James, The Law of Torts, § 3.5 at 3:19 (3d ed. 1996)).

"In order to prevail in a negligence action, the plaintiff must prove 'the applicable standard of care, a deviation from that standard of care by the defendant, and a causal relationship between that deviation and the plaintiff's injury.'" *Holder*, 700 A.2d at 741, quoting *Etheridge v. District of Columbia*, 635 A.2d 908, 917 (D.C. 1993). When a negligence claim involves the use of excessive force by a police officer, our Court of Appeals has clearly stated that the "negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care." *Chinn*, 839 A.2d at 711. The Court went on to explain that "[i]t is tautological to speak of the applicable standard of care as being the duty not to use excessive force; that is the precise boundary line of the privilege itself, and it matters not whether it is exceeded because of the deliberate intention of the officer or through a mistake as to the limit of objectively reasonable allowable force." *Id.*

In his Complaint, Plaintiff leaps directly into the pitfalls warned against by the District of Columbia Court of Appeals, and fails to properly allege a cause of action for negligence. Plaintiff pleads as follows:

> 20. Officers Wicker, Clay, and Ford and the Unnamed members of the police department had a duty to use reasonable force to effect a detention and/or arrest.
>
> 21. The Defendants breached this duty when they shoved, punched and attacked the person of the Plaintiff.

Compl. ¶¶ 20-21 (Count II).

Plaintiff alleges that the officers' alleged assault and battery of Plaintiff constituted a breach of duty – in other words, that the standard of care was the duty to not use unnecessary force. *See Chinn*, 839 A.2d at 711. Plaintiff makes no allegations of an appropriate standard of care and a deviation from such standard by an act other than the alleged excessive force itself. Plaintiff also errs in that he does not plead "at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself." *Id.* Instead, Plaintiff rests his allegations of breach of duty on the alleged excessive force, and fails to state a claim upon which relief can be granted for a cause of action for negligence. *See* Compl. ¶ 21-21.

### D.  Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted for Malicious Prosecution

With respect to his claim of malicious prosecution, Plaintiff asserts that "[t]he filing of formal criminal charges and the prosecution of these charges by members of the Metropolitan Police Department were without reason or justification. The charges were filed with personal ill will, spite and hostility towards the plaintiff and with deliberate

intent to harm the plaintiff." Compl. ¶ 24. Plaintiff also avers that the charges against him "were dismissed on September 26, 2006 for want of prosecution." *Id.* ¶ 14.

The District of Columbia Court of Appeals has "long held that in order to support an action for malicious prosecution in the District of Columbia, a plaintiff must plead and be able to prove: 1) that the underlying suit terminated in plaintiff's favor; 2) malice on the part of the Defendant; 3) lack of probable cause for the underlying suit; and 4) special injury occasioned by plaintiff as the result of the original action." *Joeckel v. Disabled American Veterans*, 793 A.2d 1279, 1282 (D.C. 2002), citing *Morowitz v. Marvel,* 423 A.2d 196, 198 (D.C. 1980); *Ammerman v. Newman,* 384 A.2d 637, 639 (D.C. 1978).

The question of favorable termination in the plaintiff's favor "is a question of law normally to be determined by the trial court, as it requires the court to draw a conclusion based on its legal judgment as to the significance of the prior judgment in light of the relief requested." *Weisman v. Middleton*, 390 A.2d 966, 1003 (D.C. 1978).

In *Brown v. Carr*, 503 A.2d 1241 (D.C. 1986), the Court adopted from the state of California what was considered to be "a well reasoned approach to the issue of favorable termination." *Id.* at 1245. This approach requires that to support a claim for malicious prosecution, a termination is favorable where "it tends to indicate the innocence of the accused . . ." *Id.*, quoting *Lackner v. LaCroix*, 25 Cal. 3d 747, 602 P.2d 393, 394, 159 Cal. Rptr. 693, 694 (1979). Thus, "[w]hile this approach does not require a termination following trial on the merits, the termination must reflect on the merits of the underlying action." *Brown*, 503 A.2d at 1245 (internal quotation and citation omitted).

Specifically, the Court in *Brown* considered "whether the dismissal of Carr's claim in the earlier case for failure to state a cause of action constituted a favorable

termination providing a predicate for Brown's malicious prosecution suit in this case."
*Id.* at 1244.  In the underlying case, the Court had concluded that Carr's claim of interference with business expectancies was insufficient because, as a matter of law, Carr could not demonstrate sufficient expectancies.  The Court concluded that dismissal based upon the failure to state a claim against Brown did not result in a favorable termination to Brown as there was no finding that Brown was innocent of any wrongful conduct.  *Id.* at 1246.

Here, Plaintiff does not plead that the underlying criminal case was dismissed based on the merits, he only states that his case was dismissed for want of prosecution. Compl. ¶ 14.  Thus, as with the *Brown*  case, "at no point during the litigation of the earlier case was a finding made that [Plaintiff] was innocent of wrongful conduct." *Brown*, 503 A.2d at 2146.  Therefore, the dismissal of Plaintiff's criminal case "was manifestly not 'of such a nature as to indicate the innocence of the accused' and did not 'reflect on the merits of the underlying action.'"  *Id.*, citing *Lackner v. LaCroix*, *supra.* Accordingly, Plaintiff has failed to state an essential element for his cause of action, nor can he prove this element, and therefore his claim for malicious prosecution must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss the individual defendants from this case, and dismiss Plaintiff's claims of negligence and malicious prosecution.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


   /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

𝒳

# HENRI J. DINGLE INVESTIGATIONS



FILED
CIVIL ACTIONS BRANCH
JUN 0 7 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

4137 Southern Avenue
Suite 102
Capital Heights, MD  20743
(240) 821-3272
Investigations@hotmail.com

# AFFIDAVIT OF PROCESS SERVICE
# DC SUPERIOR COURT
Civil Division

<u>Shane Lucas v. Officer Carlton Wicker</u>          Civil Action No. 0002762-07

I, Henri J. Dingle, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and within the boundaries of the state or city where service was effected, I was authorized by law to perform said service.

I, personally served Carlton Wicker, of the D.C. Metropolitan Police Department, at 1624 V Street, N.W. Washington, D.C., on May 23, 2007, at 9:30 a.m.

My place of business 2715 M Street, N.W., Suite 200,  Washington, D.C.  20007.

_____
Henri J. Dingle (Signature)

Subscribed and Sworn to before me this ___7th___ day of _____Jun_____ 2007.

_____
Notary

Case: 2007 CA 002762 B

The District of Columbia SS
subscribed and sworn to before me
this ____ day of ____ 2007
Lisa Renee Johnson
Notary Public, DC
My commission exp to 12/14/2011

Ex 1

K

# HENRI J. DINGLE INVESTIGATIONS



4137 Southern Avenue
Suite 102
Capital Heights, MD 20743
(240) 821-3272
Investigations@hotmail.com

# AFFIDAVIT OF PROCESS SERVICE
# DC SUPERIOR COURT
Civil Division

Shane Lucas v. Officer Jeffrey Clay                Civil Action No. 0002762-07

I, Henri J. Dingle, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and within the boundaries of the state or city where service was effected, I was authorized by law to perform said service.

I, personally served Jeffrey Clay, of the D.C. Metropolitan Police Department, at 1624 V Street, N.W. Washington, D.C., on May 23, 2007, at 9:30 a.m.

My place of business 2715 M Street, N.W., Suite 200, Washington, D.C. 20007.

Henri J. Dingle (Signature)

Subscribed and Sworn to before me this ____ day of _____ 2007.

Notary

The District of Columbia: SS
subscribed and sworn to before me
this ____ day of ____ 2007
Lois Renee Johnson
Notary Public, DC
My commission expires 10/14/20__



# HENRI J. DINGLE INVESTIGATIONS

4137 Southern Avenue
Suite 102
Capital Heights, MD  20743
(240) 821-3272
Investigations@hotmail.com

# AFFIDAVIT OF PROCESS SERVICE
# DC SUPERIOR COURT

Civil Division

<u>Shane Lucas v. Officer Timothy Ford</u>          Civil Action No. 0002762-07

I, Henri J. Dingle, being first duly sworn, depose and say: That I am over the age of 18 years and not a party to this action, and within the boundaries of the state or city where service was effected, I was authorized by law to perform said service.

I, personally served Timothy Ford, of the D.C. Metropolitan Police Department, at 1624 V Street, N.W. Washington, D.C., on May 23, 2007, at 9:30 a.m.

My place of business 2715 M Street, N.W., Suite 200,  Washington, D.C.  20007.

_____
Henri J. Dingle (Signature)

Subscribed and Sworn to before me this ___7___ day of _____ 2007.

_____
Notary

CASE#: 2007 CA 002762 B

The District of Columbia: SS
bscribed and sworn to before me
.s___  ___ day of _____ 2007
_____ Johnson
Notary Public, DC
My commission expires 10/14/2011

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHANE LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1109 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF CARLTON B. WICKER, SR.

I, Carlton B. Wicker, Sr., under penalty of perjury under the laws of the United

States of America do declare the following:

1.      I am over the age of 18 and competent to render testimony.

2.      I am currently employed as a police officer by the Metropolitan Police

Department ("MPD"), Washington, D.C.  I have been a police officer with MPD since

2002.

3.      I am currently a member of MPD's Emergency Response Team ("ERT").

I have been with the ERT since December, 2006.

4.      I was not personally served with the Summons and Complaint in this

matter.  Additionally, I have not authorized anyone to accept service of process on my

behalf.

5.      It is my understanding that a process server attempted to personally serve

me on May 23, 2007 at 9:30 a.m. at the Third District Police Station, located at 1620 V

Street, NW.  I was never at the Third District Police Station on May 23, 2007.  Although

I have been to the Third District Police Station since I transferred to the ERT (located in

Ex 4

Southwest Washington) in December, 2006, I was never at any time approached by a

process server, nor was service ever attempted at a time when I refused.


      I have reviewed the foregoing declaration, and I declare under penalty of perjury

under the laws of the United States of America that it is true and correct.

      Executed on June 25, 2007.

_____

Carlton B. Wicker, Sr.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHANE LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1109 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF JEFFREY CLAY

I, Jeffrey Clay, under penalty of perjury under the laws of the United States of America do declare the following:

1.     I am over the age of 18 and competent to render testimony.

2.     I am currently employed as a police officer by the Metropolitan Police Department ("MPD"), Washington, D.C. I have been a police officer with MPD since 2003.

3.     I am currently assigned to the Focus Mission Unit of the MPD's Third District. My tour of duty generally is the evening tour.

4.     I was not personally served with the Summons and Complaint in this matter. Additionally, I have not authorized anyone to accept service of process on my behalf.

5.     It is my understanding that a process server attempted to personally serve me on May 23, 2007 at 9:30 a.m. at the Third District Police Station, located at 1620 V Street, NW. I was not at the Third District Police Station at this time on that day.

Ex. 5

I have reviewed the foregoing declaration, and I declare under penalty of perjury under the laws of the United States of America that it is true and correct.

Executed on June 26 , 2007.

Jeffrey Clay

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SHANE LUCAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 07-1109 (RMC)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF TIMOTHY FORD

I, Timothy Ford, under penalty of perjury under the laws of the United States of America do declare the following:

1.      I am over the age of 18 and competent to render testimony.

2.      I am currently employed as a police officer by the Metropolitan Police Department ("MPD"), Washington, D.C.  I have been a police officer with MPD since 2003.

3.      I am currently assigned to the Focus Mission Unit of the MPD's Third District.  My tour of duty is 3:30 until midnight.

4.      I was not personally served with the Summons and Complaint in this matter.  Additionally, I have not authorized anyone to accept service of process on my behalf.

5.      It is my understanding that a process server attempted to personally serve me on May 23, 2007 at 9:30 a.m. at the Third District Police Station, located at 1620 V Street, NW.  I was not at the Third District Police Station at this time on that day.

Ex. 6

I have reviewed the foregoing declaration, and I declare under penalty of perjury under the laws of the United States of America that it is true and correct.

Executed on June 27, 2007.

Timothy Ford