## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHANE LUCAS,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 07-1109 (RMC)** |
| ) | |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**[1]

Defendant District of Columbia, by and through its undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs of the complaint Defendant District of Columbia specifically answers as follows:

### Jurisdiction

1.      The District of Columbia admits that Paragraph 1 of the Complaint contains a jurisdictional paragraph, but denies that this paragraph necessarily confers jurisdiction upon the District of Columbia.

2.      The District of Columbia is without sufficient information to form a belief as to the truth or falsity of the statements contained in Paragraph 2 of the Complaint.  On that basis, Paragraph 2 is denied.

---

[1] The individually named Defendants in this case have filed a Motion to Dismiss that is dispositive of the claims against them.  Thus, this Answer is filed only on behalf of the District.

3.      The District of Columbia admits the allegations contained in Paragraph 3 of the Complaint.

4.      The District of Columbia admits the allegations contained in Paragraph 4 of the Complaint.

5.      The District of Columbia admits the allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, the District of Columbia denies the same.

7.      Paragraph 7 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, the District of Columbia denies the same.

8.      The District of Columbia admits that Plaintiff was arrested on April 20, 2006 in the District of Columbia.  The District of Columbia denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      The District of Columbia admits that the named police officers were members of the Metropolitan Police Department at the time of the incident.  The District of Columbia lacks sufficient information to form a belief regarding the "unnamed police officers."  On that basis, the remainder of Paragraph 9 is denied.

**Facts**

**COUNT I**

**(Assault and Battery)**

10.     The District of Columbia admits that on April 20, 2006, Plaintiff was in the vicinity of 1223 Connecticut Avenue, NW, Washington, DC.

11.     The District of Columbia admits that Plaintiff was arrested.  The District of Columbia denies that any of its officers assaulted, harassed or threatened Plaintiff, and denies any remaining allegations contained in Paragraph 11 of the Complaint.

12.     The District of Columbia denies the allegations contained in Paragraph 12 of the Complaint.

13.     The District of Columbia denies the allegations contained in Paragraph 13 of the Complaint.

14.     The District of Columbia admits that Plaintiff was taken to the hospital and was arrested and charged with his crimes.  The District of Columbia further admits that Plaintiff's criminal case was not prosecuted.  The District of Columbia denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     The District of Columbia admits the allegations contained in Paragraph 15 of the Complaint.

16.     The District of Columbia denies the allegations contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District of Columbia denies the same.

18.     The District of Columbia denies the allegations contained in Paragraph 18 of the Complaint.

19.    The District of Columbia denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT II

### (Negligence)

The District of Columbia restates and incorporates by reference its responses to Paragraphs 1-19, above.

20.    The District of Columbia has filed a Motion to Dismiss this Count and thus need not respond to this allegation.

21.    The District of Columbia has filed a Motion to Dismiss this Count and thus need not respond to this allegation.

## COUNT III

### (False Arrest and Imprisonment)

The District of Columbia restates and incorporates by reference its responses to Paragraphs 1-21, above.

22.    The District of Columbia denies the allegations contained in Paragraph 22 of the Complaint.

23.    The District of Columbia denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT IV

### (Malicious Prosecution)

The District of Columbia restates and incorporates by reference its responses to Paragraphs 1-23, above.

24.     The District of Columbia has filed a Motion to Dismiss this Count and thus need not respond to this allegation.

25.     The District of Columbia has filed a Motion to Dismiss this Count and thus need not respond to this allegation.

## COUNT V

### (Civil Rights – Section 1983 – Police Officers)

The District of Columbia restates and incorporates by reference its responses to Paragraphs 1-25, above.

26.     The District of Columbia need not respond to the allegations contained in Paragraph 26 of the Complaint as they are not directed at this Defendant.

27.     The District of Columbia need not respond to the allegations contained in Paragraph 27 of the Complaint as they are not directed at this Defendant.

28.     The District of Columbia need not respond to the allegations contained in Paragraph 28 of the Complaint as they are not directed at this Defendant.

29.     The District of Columbia need not respond to the allegations contained in Paragraph 29 of the Complaint as they are not directed at this Defendant.

30.     The District of Columbia need not respond to the allegations contained in Paragraph 30 of the Complaint as they are not directed at this Defendant.

## COUNT VI

### (Intentional Infliction of Emotional Distress – Police Officers)

The District of Columbia restates and incorporates by reference its responses to Paragraphs 1-30, above.

31.    The District of Columbia need not respond to the allegations contained in Paragraph 31 of the Complaint as they are not directed at this Defendant.

32.    The District of Columbia need not respond to the allegations contained in Paragraph 32 of the Complaint as they are not directed at this Defendant.

33.    The District of Columbia need not respond to the allegations contained in Paragraph 33 of the Complaint as they are not directed at this Defendant.

34.    The District of Columbia need not respond to the allegations contained in Paragraph 34 of the Complaint as they are not directed at this Defendant.

35.    The District of Columbia need not respond to the allegations contained in Paragraph 35 of the Complaint as they are not directed at this Defendant.

## **COUNT VII**

### **(Civil Rights – Section 1983 – District of Columbia)**

The District of Columbia restates and incorporates by reference its responses to Paragraphs 1-35, above.

36.    The District of Columbia denies the allegations contained in Paragraph 36 of the Complaint.

37.    Paragraph 37 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District of Columbia denies the same.

38.    The District of Columbia denies the allegations contained in Paragraph 38 of the Complaint.

39.    The District of Columbia denies the allegations contained in Paragraph 39 of the Complaint.

40.    The District of Columbia denies the allegations contained in Paragraph 40 of the Complaint.

41.    The District of Columbia denies the allegations contained in Paragraph 41 of the Complaint.

42.    The District of Columbia denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT VIII

### (Respondeat Superior – District of Columbia)

The District of Columbia restates and incorporates by reference its responses to Paragraphs 1-42, above.

43.    The District of Columbia admits that the named officers were acting within the scope of their employment during Plaintiff's arrest.

44.    Paragraph 44 contains conclusions of law to which no response is required.  To the extent a response is required, the District of Columbia denies the same.

## COUNT IX

### (Negligent Training & Supervision – District of Columbia, Chief Lanier, Chief Ramsey)

The District of Columbia restates and incorporates by reference its responses to Paragraphs 1-44, above.

45.    Paragraph 45 contains conclusions of law to which no response is required.  To the extent a response is required, the District of Columbia denies the same.

46.    The District of Columbia denies the allegations contained in Paragraph 46 of the Complaint.

47.     The District of Columbia denies the allegations contained in Paragraph 47 of the Complaint.

48.     The District of Columbia denies the allegations contained in Paragraph 48 of the Complaint.

49.     The District of Columbia denies that Plaintiff is entitled to money damages.

The District of Columbia denies any allegation in the Complaint not specifically admitted above.

### Third Defense

The District of Columbia denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than the

District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Eighth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

### Ninth Defense

If Plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than the District of Columbia, its agents, employees or servants acting within the scope of employment.

### Tenth Defense

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Eleventh Defense

The District of Columbia asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Twelfth Defense**

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**Thirteenth Defense**

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

**Fourteenth Defense**

Plaintiff may have failed to mitigate his damages.

**Fifteenth Defense**

Plaintiff's claims are barred by collateral estoppel and res judicata.

**Sixteenth Defense**

Plaintiff may have failed to comply with the statute of limitations.

**Seventeenth Defense**

Plaintiff is not entitled to punitive damages.


The District of Columbia reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

**Set-off**

The District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

**Jury Demand**

The District of Columbia hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant

District of Columbia prays that the same be dismissed, and that it recovers its costs of suit

expended herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


      /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


      /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov