UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANE LUCAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-1109(RMC) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et. al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS**

Plaintiff filed a lawsuit in the District of Columbia on August 19, 2006, the case was subsequently removed to federal Court and the Defendants filed a motion to dismiss citing several grounds.

Background Information

Plaintiff contends that on April 20, 2006, he was "assaulted, harassed, threatened and arrested by the bullying tactics of" Officers Wicker, Clay and Ford when Plaintiff was leaving a nightclub located at 1223 Connecticut Avenue, NW. Compl. ¶¶ 10-11. Plaintiff asserts that he "was arrested on a pretextual charge that he was accosting a female in the area and that he was the aggressor who had assaulted Ofc. Wicker." Id.12. Plaintiff further claims that the officers verbally abused him and that he "had walked away and only returned to extend his hand to the officers when he was physically assaulted." Id. ¶ 13.

Plaintiff alleges that after he was treated at the hospital for injuries he allegedly

1

sustained from his encounter with the police, he was arrested and charged with assault on a police officer. Compl. ¶¶ 14-15. Plaintiff avers that the charges against him "were dismissed on September 26, 2006 for want of prosecution." Id. ¶ 14.

Plaintiff filed his lawsuit on April 19, 2007 in the Superior Court of the District of Columbia, alleging assault and battery, negligence, false arrest and imprisonment, malicious prosecution, violation of his constitutional rights by the police officers, intentional infliction of emotional distress, violation of his constitutional rights by the District of Columbia, respondeat superior, and negligent training and supervision. On June 20, 2007, Defendants removed this case to this Court based upon the federal question presented by Plaintiff's civil rights claims under 42 U.S.C. § 1983.

**Legal Standard for Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED R. C . P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).

2

It is not necessary for the plaintiff to plead all the elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-514 (2002), or "plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted). Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences there from in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Development v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir 2003); Browning, 292 F.3d at 242. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

ARGUMENT

The Defendant seeks partial dismissal on a variety of grounds. The defendant seeks dismissal of the individual officers more because they were not to properly served, additionally, that Plaintiff has failed to state a claim against Mayor Fenty, Chief Lanier, or Chief Ramsey. Defendants further request that the Court dismiss Plaintiff's claims of negligence and

3

malicious prosecution as Plaintiff has failed to state a claim upon which relief can be granted for these claims.

In the Superior Court of the District of Columbia service may be effectuated by the following means under Rule 4(e):

> (e) Service upon individuals within the United States: Unless otherwise provided by law, service upon an individual from whom an acknowledgment has not been obtained and filed, other than an infant or an incompetent person, may be effected in any part of the United States:
>
> (2) by delivering a copy of the summons, complaint, and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

In the instant case the process server indicated that he has served the name individuals, specifically Officers Wicker, Ford or Clay[1] by personally serving each officer a copy of the complaint, and summons and initial order with them at the Third District Station.

The Defendants maintain that they were not served and the process server, Henri Dingle is adamant that he in fact served these individuals. As stated a hearing is required in order that

---

[1] Plaintiff maintains that these officers were served the officers and maintains that the affidavit of service detail the fact that the officers were served. Plaintiff has employed a private investigator who has filed the appropriate affidavits to allege that these individuals were served. The officers have filed competing affidavits to state that they have not been served and the Plaintiff request a hearing to determine the credibility of the parties. Clearly there is a motive for the officers to say they were not served. The process server maintains that he served the individuals and the Court will be the judge of the veracity of the parties. See, Pl. Exhibit 1-3.

the Court may decide the veracity of the parties involved in the instant matters. Notwithstanding, the fact that the Plaintiff has the burden of proof of service, Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir 1987) the burden is not overcome by a mere assertion that there has been false affidavits filed.

Clearly, the Plaintiff position is that the process server has served the summons, complaint and initial order and filed the required affidavits with the court as required by the statutes.

### B. Whether Claims Against Chief Ramsey, Chief Lanier, or Mayor Fenty Should be Dismissed

On the merits, to establish personal liability in a 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. See, e. g., Monroe v. Pape, 365 U.S. 167 (1961) . In the case at bar it seems as if the claims that are brought against the individual named entities are subsumed under the claim against the Municipality, but there is a two fold problem with this analysis . It is true that under section 1983 "a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory Monell v. Dep't of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The Plaintiff Therefore under Triplett v. District of Columbia, 108 F.3d 1450, 1454 (D.C.Cir.1997) must name an official with policymaking authority to avoid dismissal of his § 1983 claims. In Triplett,

the plaintiff sought to establish a claim of municipal liability pursuant to § 1983 on the part of the

District of Columbia by arguing that the District condoned the use of excessive force by its

5

correctional officers. Id. at 1453. According to the testimony of a former correctional officer, "supervisory officers knew of the use of excessive force and had covered up the activity." Id. In reversing the plaintiff's award on his § 1983 claim, the circuit court did hold that there was "no one in this case's cast of characters who could possibly be said to hold 'final policymaking authority' regarding the use of force in restraining prisoners." Id. But, Triplett does not stand for the proposition that a plaintiff, at the pleading stage, must name a policymaking official in his complaint because the complaint "need not allege all that a plaintiff must eventually prove." Atchinson, 73 F.3d at 422. Thus the Court concludes that dismissal for plaintiff's failure to name a person in a policy-making position as bearing some culpability for what happened to him as alleged in his complaint would be inappropriate. In Atchinson, the Circuit Court rejected such an argument, holding that "Atchinson's complaint is adequate even though it alleges only one instance of unconstitutional conduct." 73 F.3d at 423. And the court construed the Supreme Court's ruling in Leatherman to be "inconsistent" with "a multiple- incident pleading requirement ..." Id. Indeed, the Atchinson court noted that "section 1983 does not require a plaintiff ... to prove multiple instances of misconduct if the plaintiff can prove an unconstitutional municipal policy responsible for a single instance of misconduct." Id. (citing City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). Plaintiff asserts that one, if not all of the persons so named in the complaint were responsible for The policy making decision that gave rise to the conduct that deprived the Plaintiff of his constitutional rights.

### C. Whether Plaintiff Has failed to State a Claim Upon Which Relief can be Granted for Negligence

Plaintiff maintains that that he has provided a basis for a negligence claim. The plaintiff can maintain two theories for a single act. In the instant case the Plaintiff maintains that the Events giving rise to his assault has a basis in both assault and battery and negligence. The Plaintiff will offer evidence at trial that the conduct of the police officers sounds both in assault and battery and negligence. Sabir v. District of Columbia, 755 A.2d 449, 452 (D.C. 2000). The Court stated in Smith v. District of Columbia, 882 A.2d 778 (D.C. 2005) That "the poof for assault and battery in cases involving allegations of excessive force by police officers are not the same as those for negligence cases concerning allegations of excessive police force. This is so because, "[f]or assault and battery the inquiry is whether the officers' conduct was reasonably necessary and thereby privileged; and for negligence the inquiry is whether the officer's conduct violated the standard of care of a reasonably prudent police officer. (quoting Etheredge v. District of Columbia, 635 A.2d 908, 916 D.C. (1993).

The Plaintiff maintains he will be capable of meeting this burden by offering expert testimony to show that the degree of force used on plaintiff was a violation of the standard of care of a reasonably prudent police officer.

### D. Whether Plaintiff has failed to State a Claim Upon Which Relief Can be Granted for Malicious Prosecution

It is readily apparent that plaintiff's claim is premised on elements that lie at the core of malicious prosecution -- the absence of probable cause for the criminal proceedings against

7

Him and a malicious intent on the part of the government. Moore v. United States, 213 F.3d 705, 710 (D.C. Cir. 2000) (describing "absence of probable cause" and "malicious intent" as elements of malicious prosecution). Here there is a malicious intent on the part of the officer involved to prosecute a person based on his illegal conduct. The plaintiff was prosecuted with baseless allegations and as a result of the officers covering for their illegal, egregious conduct toward the plaintiff.

Plaintiff asserts that the case was dismissed due to the officers conduct which can be construed as a favorable resolution on the merits.

> Respectfully submitted
>
> /s/ John C. Floyd, III
> John C. Floyd, III, #322149
> 1717 K Street, NW, Suite 600
> Washington, D.C. 20036
> (202) 638-0500
>
>
> /s/ Roosevelt F. Brown III
> Roosevelt F. Brown, III, 422426
> 7600 Georgia Avenue NW, Ste. 203
> Washington, D.C. 20001
> (202) 291-1900

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Plaintiff's Opposition to Defendants Motion to Dismiss have been served by e-mail through the electronic filing system on this 11th day of July, 2007.

Shana L. Frost, Esquire
Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, D.C.  20001

/s/ John C. Floyd, III
John C. Floyd III

9