UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHANE LUCAS, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 07-1109 (RMC) |
| v. | ) ) ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiff has not adequately rebutted Defendants' arguments (1) that the individual police officers must be dismissed for lack of proper service, (2) that Plaintiff has failed to state any claim against Chief Ramsey, Chief Lanier, and Mayor Fenty, and (3) that the Plaintiff has failed to state a claim for negligence and malicious prosecution.  Thus, Defendants' Partial Motion to Dismiss should be granted[1]

**A.  Officers Wicker, Clay and Ford Were Not Properly Served**

Defendants have submitted declarations from Officers Wicker, Clay and Ford demonstrating that these individuals were never *personally* served as required by the rules of civil procedure.  It bears repeating that it is Plaintiff's burden to show proper service.  *See, e.g. Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987).  Nonetheless,

---

[1] As a preliminary matter, Defendants note that Plaintiff's statement of the legal standard of review contains inaccuracies.  Plaintiff asserts that he is not required to plead all elements of a prima facie claim, citing in support *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002).  Plaintiff's reliance on *Swierkiewicz* is misplaced as that matter was a Title VII case where the Supreme Court issued the limited holding that "an employment discrimination plaintiff need not plead a prima facie case of discrimination."  *Id.* at 515.  Indeed, "even a pro se complaint must outline all of the elements of the claim and 'is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.'" *Delgado v. Federal Bureau of Prisons*, 727 F. Supp. 24, 27 (D.D.C. 1989), quoting *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977).

Plaintiff insinuates that these law enforcement officers were dishonest in their declarations and request that this Court conduct a hearing to make a credibility determination between the competing sworn statements. Defendants note that each officer stated under oath that they were not even physically present at the Third District station when they were purportedly personally served, and that these facts can be verified by other individuals. However, if Plaintiff's process service wishes to further perjure himself, then Defendants agree that an evidentiary hearing is necessary.

### B.    Mayor Fenty, Chief Lanier and Chief Ramsey Must Be Dismissed

Plaintiff contradictorily asserts both that *Triplett v. District of Columbia*, 108 F.3d 1450, 1454 (D.C. Cir. 1997) requires a plaintiff to name an official policymaker to avoid dismissal of his Section 1983 claim, and that failure to name such a policymaker is not grounds for dismissal. *See* Opp. at 5-6. In any event, to establish a Section 1983 claim that meets the *Monell v. Department of Soc. Servs.* requirements, the Plaintiff must allege that the municipality adopted an unconstitutional policy, such as a statute or regulation, that violates the constitutional rights of the individual, *Monell*, 436 U.S. 658, 694 (1978), or a practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970).

Alternatively, a plaintiff may allege an unconstitutional decision or action taken by an official policymaker of the municipality. *Pembaur v. City of Cincinatti*, 475 U.S. 469, 480-81 (1986). To do so, the Plaintiff must demonstrate the existence of an official decision maker with "final authority to establish municipal policy with respect to the action ordered." *Id.* at 481. To state a legally cognizable claim under Section 1983, the plaintiff must also show the policy or custom actually caused the constitutional injury in

question. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). Plaintiff's burden in this respect is significant; he must plead that "*deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 400 (1997) (quoting *Monell*, 436 U.S. at 694; emphasis in original).

Here, Plaintiff has simply alleged an unconstitutional policy, and then named the Mayor and police chiefs without establishing any connection between an alleged unconstitutional decision or action and these individuals. He has not shown that any municipal action was the moving force behind the alleged deprivation of rights.

Plaintiff also states that he "asserts that one, if not all of the persons so named in the complaint were responsible for The [sic] policy making decision that gave rise to the conduct that deprived the Plaintiff of his constitutional rights." Opp. at 6. Plaintiff, however, has failed to articulate the "policy making decision" to which he refers. Thus, Mayor Fenty, Chief Ramsey and Chief Lanier must be dismissed and the proper party is the District of Columbia. *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

    **C.**    **Plaintiff Has Not Stated A Claim for Negligence**

Defendants do not dispute that Plaintiff is entitled to plead alternative claims for relief. However, Plaintiff must properly plead each count.

As Plaintiff states, he may attempt to plead negligence as alternative theory to assault and battery. To do so, however, Plaintiff must allege a claim for negligence that is distinguishable from the actual assault and battery that occurred.

There are two separate theories of recovery in an excessive force case: (1) assault and battery and/or (2) negligence. "In the case of assault and battery, a plaintiff can recover for assault by proving 'intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the plaintiff,' and for battery by proving an 'intentional act that causes harmful or offensive bodily contact.'" *District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003), quoting *Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C. 1997).

In a negligence case, however, the Plaintiff must plead an "'applicable standard of care, a deviation from that standard of care by the defendant, and a causal relationship between that deviation and the plaintiff's injury.'" *Holder*, 700 A.2d at 741, quoting *Etheridge v. District of Columbia*, 635 A.2d 908, 917 (D.C. 1993). There is no such thing as a negligent battery. *Chinn*, 839 A.2d at 706, citing 1 Dobbs, Law of Torts § 26 at 51 (2001). The D.C. Court of Appeals in the *Chinn* case recognized that "in certain circumstances the events surrounding the application of excessive force may lend themselves to a theory of negligence as well." Therefore, "[w]hat is required to justify such an instruction is at least one distinct element, involving an independent breach of a standard of care beyond that of not using excessive force in making an arrest, which may properly be analyzed and considered by the jury on its own terms apart from the intentional tort of battery and the defense of privilege." *Id.* at 707.

Accordingly, "if, in a case involving the intentional use of force by police officers, a negligence count is to be submitted to a jury, *that negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence*

4

*apart from the use of excessive force itself* and violative of a distinct standard of care." *Id.* at 711 (emphasis added).

Plaintiff completely ignores the *Chinn* case in his Opposition; the Court of Appeals' holding in *Chinn* completely undermines Plaintiff's negligence theory. Plaintiff's only allegations in his Complaint pertaining to his negligence cause of action are that the officers had a duty to use reasonable force and "breached this duty when they shoved, punched and attacked the person of the Plaintiff." Compl. ¶¶ 20-21. This is directly in conflict with the *Chinn* case, which states that a plaintiff must plead "at least one distinct element, involving an independent breach of a standard of care *beyond that of not using excessive force in making an arrest*, which may properly be analyzed and considered by the jury on its own terms apart from the intentional tort of battery and the defense of privilege." *Chinn,* 839 A.2d at 707 (emphasis added). Plaintiff's Complaint does not set forth any facts independent of his claim that the officers breached their duty to not use excessive force and therefore only states a claim for assault and battery and not negligence.

### D.    **Plaintiff Has Not Stated A Claim for Malicious Prosecution**

Plaintiff's arguments regarding his claim for malicious prosecution fail to recognize that he must plead that the underlying prosecution terminated in his favor. Plaintiff states that "the case was dismissed due to the officers [sic] conduct which can be construed as a favorable resolution on the merits." Opp. at 8. First, Plaintiff's Complaint does not aver that Plaintiff's criminal proceedings were dismissed as a result of any alleged misconduct on the part of the officers. Second, in addition to having no factual support that the case was dismissed due to officer misconduct, Plaintiff has no legal

5

support that dismissal of a criminal case due to officer misconduct would constitute a favorable termination for the purposes of a civil cause of action for malicious prosecution. Plaintiff must be able to allege and prove termination of the underlying action in his favor in order to maintain his claim. Plaintiff has not and cannot make such an allegation, thus, his malicious prosecution claim must be dismissed.[2]

For the reasons stated herein and in their Motion to Dismiss and Memorandum in Support, Defendants respectfully request that their Partial Motion to Dismiss be granted.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>__/s/  Nicole L. Lynch_____
>NICOLE L. LYNCH (471953)
>Chief, Section II
>
>__/s/  Shana L. Frost_____
>SHANA L. FROST (458021)
>Assistant Attorney General
>441 4th Street, NW, 6th Floor South
>Washington, DC 20001
>(202) 724-6534
>Fax:  (202) 727-3625
>shana.frost@dc.gov

---

[2] Indeed, there is an alternative ground for dismissal of Plaintiff's malicious prosecution claim: Plaintiff has not complied with D.C. Code § 12-309, which requires a claimant to give notice to the Mayor of the District of Columbia prior to filing a lawsuit for damages. The requirement of compliance with the time limit specified in § 12-309 is absolute, strict, unqualified, and narrowly construed against claimants. *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). The *Dunmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury." *Id.* Here, Plaintiff's 12-309 letter is dated September 17, 2006. Ex. A. The prosecution against him was not dismissed until September 26, 2006. Compl. ¶ 14. Not only does Plaintiff's 12-309 letter not put the Mayor on notice of an intent to bring a malicious prosecution claim against the District, it would have been impossible for Plaintiff to have done so as the prosecution against him was ongoing at the time Plaintiff submitted the letter. Thus, Plaintiff has not complied with D.C. Code § 12-309 with respect to his malicious prosecution claim.

September 17, 2006

Office of the City Administrator
Office of Risk Management
John A. Wilson Building
1350 Pennsylvania Avenue, NW, Suite 310 & 302
Washington, DC 20004

Re: Notice Under 12 D.C. Code §309

    Under the provision of Title 12, Section 309 of the District of Columbia code, you are notified that I intend to sue the District for injuries I suffered at the hands of members of the Metropolitan Police Department while they were engaged in official business and on duty.

    The incident happened on April 20, 2006 at approximately 1:45 AM in or near the 1200 block of Connecticut Avenue, NW. Officers of the MPD beat me without cause, making me suffer serious injury. The event is further identified by MPD CCN 06-050-924.

Sincerely,

*Shane L*

Shane J. Lucas
1678 Varnum Place, NE
Washington, DC 20017

RECEIVED OCT 0 2 2006 OFFICE OF RISK MANAGEMENT