UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANE LUCAS, | ) |
| Plaintiff, | ) Civil Action No. 07-1109 (RMC) |
| v. | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

**RULE 16.3 REPORT**

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the parties, by and through undersigned counsel submit the following report:

**A.   STATEMENT OF CLAIMS:**

This case arises out of Plaintiff's arrest on April 20, 2006 for assault on a police officer. Plaintiff claims that the officers did not have probable cause to arrest him, and that the officers used excessive force in effectuating the arrest.

**B.   STATEMENT OF DEFENSES:**

Defendants have filed a partial motion to dismiss, arguing: (1) Plaintiff has failed to properly serve Officers Carlton Wicker, Jeffery Clay and Timothy Ford; (2) Plaintiff has failed to state a claim against Chief Ramsey, Chief Lanier and Mayor Fenty; (3) Plaintiff has failed to state a claim for negligence; and (4) Plaintiff has failed to state a claim for malicious prosecution. Defendants have not, at this stage, challenged Plaintiff's claims of assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, negligent training and supervision, and violation of constitutional rights. The evidence will demonstrate that the officers had probable cause to arrest the Plaintiff, and that any force used by the officers

was not in violation of the Fourth Amendment. Additionally, there is no evidence to show that the officers were not properly trained or supervised.

**C.     AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Defendants believe that the case is likely to be disposed of by dispositive motion. As stated, Defendants have filed a partial motion to dismiss and intend to file a motion for summary judgment at the appropriate time. The parties request that any discovery deadlines be stayed until after the Court has ruled upon Defendants' partial motion to dismiss so that, should the Court grant Defendants' motion in part or in its totality, discovery may be tailored to the claims and defendants that remain in the case.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The parties agree that any other parties should be joined and/or the pleadings amended within 30 days after the Scheduling Conference.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate judge for all purposes. However, the parties agree that a magistrate judge could be assigned to resolve any discovery matters and to conduct mediation in this case.

4. Whether there is a realistic possibility of settling the case.

It does not appear at this time that settlement is a realistic possibility.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties agree that although settlement does not appear to be a realistic possibility at this time, they may benefit from mediation with a magistrate judge at a later date. Mediation, if the case is not resolved by a dispositive motion, should be set for 30 days after the Court rules upon any summary judgment motion.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendants believe that a portion of this case will be resolved by their motion to dismiss. Defendants believe that the remainder of the case can be resolved by summary judgment. The deadlines for such motion should be as follows:

    a. Dispositive Motion: 30 days after the close of expert discovery

    b. Oppositions: 18 days after filing of dispositive motion

    c. Replies: 11 days after filing of opposition

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree to the following discovery plan:

    a. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Court's ruling on Defendants' Partial Motion to Dismiss.

    b. The number of interrogatories be limited to 25 per side.

    c. The number of depositions to be limited to 8 per side.

      d.      The duration of each deposition to be limited pursuant to LCvR 26.2(c).

Defendants will likely request a protective order for discovery related to personnel records. Plaintiff has indicated that he would not oppose such a request.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows:

    a.    Plaintiff's Expert Report:    30 days after the close of fact discovery

    b.    Defendants' Expert Report:    60 days after the close of fact discovery

    c.    Close of Expert Discovery:    90 days after the close of fact discovery

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time. However, defendants reserve the right to move to bifurcate the trial and/or discovery if the need should arise.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

The parties agree that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The parties agree that the trial date should be set at the pretrial conference from 30 to 60 days after that conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Respectfully submitted,

| | |
|---|---|
| /s/ John C. Floyd, III by Shana Frost<br>John C. Floyd, III (    )<br>1717 K Street, NW Suite 600<br>Washington, DC 20036<br>(202) 638-0500<br>Fax: (202) 726-4838<br>Jfloyd9628@aol.com | LINDA SINGER<br>Attorney General for the District of Columbia<br><br>GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division |
| /s/ Roosevelt F. Brown, III by Shana Frost<br>Roosevelt F. Brown, III (    )<br>7600 Georgia Avenue, Suite 203<br>Washington, DC 20012<br>(202) 291-1900<br>Fax: (202) 588-1209<br>rooseveltbrown@netzero.net<br><br>Counsel for Plaintiff | /s/ Nicole L. Lynch<br>NICOLE L. LYNCH (471953)<br>Chief, Section II<br><br>/s/ Shana L. Frost<br>SHANA L. FROST (458021)<br>Assistant Attorney General<br>441 4th Street, NW, 6th Floor South<br>Washington, DC 20001<br>(202) 724-6534<br>Fax: (202) 727-3625<br>shana.frost@dc.gov<br><br>Counsel for Defendants |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANE LUCAS, | ) |
| Plaintiff, | ) Civil Action No. 07-1109 (RMC) |
| v. | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of The Parties' LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2007, hereby ordered that:

1.  The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

2.  Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Court's ruling on Defendants' Partial Motion to Dismiss.

3.  The number of interrogatories is to be limited to 25 per side.

4.  The number of depositions is to be limited to 8 per side.

5.  The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6.  Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

7.  Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

8.  All discovery on the parties' experts shall close 90 days after the close of fact discovery.

9. All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

10. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

11. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

_____
Hon. Rosemary M. Collyer
United States District Judge
for the District of Columbia