UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHANE LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1109 (RMC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Shane Lucas complains that he was "assaulted, harassed, threatened and arrested by the bullying tactics" of Metropolitan Police Department ("MPD") Officers Carlton B. Wicker, Timothy Ford, and Jeffery Clay. *See* Compl. ¶ 11. He sues these officers and also names John Does, other unnamed officers of the MPD, Mayor Adrian Fenty, former Chief of Police Charles Ramsey, Chief of Police Cathy Lanier, and the District of Columbia as Defendants. Defendants move to dismiss Officers Wicker, Clay, and Ford for lack of service and to dismiss the Mayor and Police Chiefs for failure to state a claim. Defendants further ask the Court to dismiss Mr. Lucas's claims of negligence and malicious prosecution. Mr. Lucas opposes the motion.

### I. LEGAL STANDARDS

#### A. Service of Process

Service of process upon "individuals within a judicial district of the United States" is governed by rule 4(e) of the Federal Rules of Civil Procedure. Rule (4)(e)(2) states that service upon an individual may be effected

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

*See* Fed. R. Civ. P. 4(e)(2). Federal Rule of Civil Procedure 4(e)(1) also permits service to be effected according to the "law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1). The Civil Rules of the Superior Court of the District of Columbia establish, in pertinent part, service requirements parallel to those contained in Rule 4(e)(2) of the Federal Rules of Civil Procedure. *See* D.C. Super. Ct. Civ. R. 4(e)(2). Rule 4(c) of the D.C. Superior Court Civil Rules also permits service to be effected upon an individual by certified or registered mail. *See* D.C. Super. Ct. Civ. R. 4(c)(3). Rule 4(m) of the Federal Rules of Civil Procedure places a time limit on service of process. It states that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*See* Fed. R. Civ. P. 4(m).

   **B. Failure to State a Claim**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' for 'entitlement to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise the right of relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The Court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). But the Court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning,* 292 F.3d at 242. In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## II. ANALYSIS

### A. Service on the Police Officers

Mr. Lucas appended affidavits to his Complaint signed by Henri J. Dingle and swearing that Mr. Dingle personally served Officer Wicker, Officer Ford and Officer Clay at the Third District Police Station, 1624 V Street N.W., Washington, D.C., on May 23, 2007, at 9:30 a.m. *See* Compl., Affidavits attached. Each officer has submitted a sworn declaration denying that he was at the Third District Police Station at 9:30 a.m. on that date and asserting that he has not been served in this case. *See* Defs.' Partial Mot. to Dismiss ("Defs.' Mot."), Exs. 4, 5, & 6.

An evidentiary hearing is necessary to resolve this issue. One will be scheduled by the Deputy Clerk of this Court.

### B. Mayor Fenty and the Police Chiefs

Nothing in the Complaint indicates that Mayor Fenty or the Police Chiefs played any personal role in the encounter between Mr. Lucas and the MPD. They are apparently sued in their official capacities. The claims lie against the District of Columbia and not the individuals. It is well settled that "[a] suit against a municipal official in his official capacity is treated as a suit against the municipality itself." *Robinson v. Dist. of Columbia*, 2005 U.S. Dist. LEXIS 3556 at *10 (D.D.C. Mar. 2, 2005) (*citing Kentucky v. Graham,* 473 U.S. 159, 166 (1985) & *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996)).

To establish a claim under 42 U.S.C. § 1983, a plaintiff must allege that the municipality adopted an unconstitutional policy, such as a statute or regulation, that violates the constitutional rights of the individual, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), or that the municipality has a practice that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970). Alternatively, a plaintiff may allege an unconstitutional decision or action taken by an official policymaker of the municipality. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986).

Here, Mr. Lucas has simply alleged an unconstitutional policy and named the Mayor and Police Chiefs as Defendants without establishing any connection between them. He has completely failed to articulate what "policy making decision" on which he might be relying, either in his complaint or his brief. The Mayor and Police Chiefs will be dismissed.

### C. Negligence

"[E]xcessive force is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties." *Dist. of Columbia v. Tinker*, 691

A.2d 57, 64 (D.C. 1997). "[T]here is no such thing as a negligent assault." *Sabir v. Dist. of Columbia*, 755 A.2d 449, 452 (D.C. 2000). When a plaintiff alleges excessive force by a police officer and adds a negligence claim, the "negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care." *Dist. of Columbia v. Chinn*, 839 A.2d 701, 711 (D.C. 2003). Because law enforcement officers have a privilege to use reasonably necessary force, a plaintiff cannot allege negligence based only on the duty not to use excessive force because "that is the precise boundary line of the privilege itself, and it matters not whether it is exceeded because of the deliberate intention of the officer or through a mistake as to the limit of objectively reasonable allowable force." *Id.* It is for this reason that any negligence claim must be based on facts that are different from the alleged excessive force. Any negligence claim must also arise from the breach of a standard of care that is different and distinct from the alleged excessive force.

The Complaint fails in this regard. While it alleges negligence, the claim is based entirely on the alleged excessive force. Mr. Lucas pleads:

> 20. Officers Wicker, Clay and Ford and the Unnamed members of the police department had a duty to use reasonable force to effect a detention and/or arrest.
>
> 21. The Defendants breached this duty when they shoved, punched and attacked the person of the Plaintiff.

Compl. ¶¶ 20-21 (Count II). Because Mr. Lucas rests his claims concerning an alleged breach of a duty of care on excessive force, he fails to state a claim upon which relief can be granted for a cause of action sounding in negligence. Count II will be dismissed.

### D. Malicious Prosecution

The officers allegedly filed formal criminal charges against Mr. Lucas, which were "dismissed on December 26, 2006 for want of prosecution." *Id.* ¶ 14. In the District of Columbia, a plaintiff alleging malicious prosecution must plead and prove: "1) that the underlying suit terminated in plaintiff's favor; 2) malice on the part of the defendant; 3) lack of probable cause for the underlying suit; and 4) special injury occasioned by plaintiff as the result of the original action." *Joeckel v. Disabled Am. Veterans*, 793 A.2d 1279, 1282 (D.C. 2002). "The special injury required has been defined as arrest, seizure of property, or 'injury which would not necessarily result from suits to recover for like causes of action.'" *Id.* (quoting *Mazanderan v. McGranery*, 490 A.2d 180, 182 (D.C. 1984)).

The District of Columbia faults the Complaint for alleging malicious prosecution when the underlying criminal prosecution did not result in a favorable termination in Mr. Lucas's favor. *See* Defs.' Mem. at 9-10  It cites *Brown v. Carr*, 503 A.2d 1241 (D.C. 1986), for the proposition that a termination is favorable only where "it tends to indicate the innocence of the accused." *Id.* at 1245. Thus, "[w]hile this approach does not require a termination following trial on the merits, the termination must reflect on the merits of the underlying action." *Id.* (internal quotation and citation omitted).

> [N]o favorable termination is found where the earlier action is dismissed on the ground of the statute of limitations, or laches, because these dispositions do not reflect on the merits of the underlying claim. By contrast, *dismissal for failure to prosecute has been held to be a favorable termination where the facts of the case indicate that such a disposition reflects on the innocence of the defendant in the underlying suit.*

*Id.* (emphasis added). The District of Columbia argues that the "dismissal of Plaintiff's criminal case

'was manifestly not "of such a nature as to indicate the innocence of the accused" and did not "reflect on the merits of the underlying action."'" Defs.' Mem. at 10 (*citing Brown v. Carr*, 503 A.2d at 2146 (internal citations omitted)).

Defendants provide no "facts of the case" arising from the criminal charges filed against Mr. Lucas from which the Court could find that the disposition did not reflect on the innocence of the Defendant. The Court will deny this aspect of Defendants' motion without prejudice.

### III. CONCLUSION

The Plaintiff bears the burden of proving that all Defendants were served. The Court is faced with conflicting sworn statements from the process server and the MPD officers as to whether they were served. The Clerk will set an evidentiary hearing so that the process server and the officers can appear and testify. The remainder of the Defendants' Partial Motion to Dismiss will be granted in part and denied in part. For the reasons stated above, the allegations against Mayor Fenty and the Police Chiefs, brought in their official capacities, will be dismissed. In addition, the Complaint allegations are insufficient to make out a claim for negligence in connection with the alleged assault and battery by the MPD officers and the claim will be dismissed. The motion to dismiss the malicious prosecution claim will be denied without prejudice: without knowing more of the facts of the criminal case, the Court is unable to find that dismissal for want of prosecution was not a disposition that is favorable to Mr. Lucas. A memorializing order accompanies this Memorandum Opinion.

```
                                          /s/
                           _____
                           ROSEMARY M. COLLYER
                           United States District Judge
```
DATE: August 29, 2007