UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHANE LUCAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1109 (RMC) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL MEMORANDUM OPINION AND ORDER**

Shane Lucas complains that he was "assaulted, harassed, threatened and arrested by the bullying tactics" of Metropolitan Police Department ("MPD") Officers Carlton B. Wicker, Timothy Ford, and Jeffrey Clay. *See* Compl. ¶ 11. Defendants moved to dismiss Officers Wicker, Clay, and Ford for lack of service and to dismiss the Mayor and Police Chiefs for failure to state a claim. *See* Defs.' Partial Mot. to Dismiss [Dkt. #3]. The Court granted the motion in part and denied the motion in part. *See* Aug. 29, 2007 Order [Dkt. #11]. The Court granted the motion as to the Mayor and Police Chiefs Ramsey and Lanier for failure to state a claim, and also dismissed Count 2 (Negligence) of the Complaint. *See* [Dkt. ##10 & 11]. The Court denied without prejudice the Defendants' motion as to Count IV (Malicious Prosecution) and scheduled the issue of service of process on the officers for an evidentiary hearing. *Id*.

An evidentiary hearing was held August 21, 2007, to resolve whether the officers were properly served in this matter. The Court received testimony from Officers Clay, Ford, Wicker, and Sheryl McClean, the Time and Attendance Clerk for the Third District Police Station. These

witnesses provided credible testimony that the Officers were not properly served. Plaintiff's process server did not attend the evidentiary hearing. The Court continued the evidentiary hearing to October 1, 2007, to allow counsel for Plaintiff to subpoena the process server, Henri Dingle. Subsequently, counsel for Plaintiff subpoenaed Mr. Dingle to compel his testimony at the October 1 hearing. Mr. Dingle once again failed to attend the evidentiary hearing and counsel for Defendant moved for dismissal of the officers in their individual capacities. Initially, the Court was willing to grant the Defendants' motion with prejudice, but after review of the Complaint, the Court will grant the motion without prejudice. Plaintiff has pled a section 1983 claim against the officers and there is no recovery against a local government or municipality under section 1983 on a respondeat superior theory. *See generally Miller v. Barry*, 545 F. Supp. 105 (D.D.C. 1982) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978).

For the reasons stated in this Supplemental Memorandum Opinion it is hereby

**ORDERED** that Defendants' Partial Motion to Dismiss [Dkt. # 3] for failure to serve process is **GRANTED**; and it is

**FURTHER ORDERED** that the claims against Officers Wicker, Clay, and Ford are **DISMISSED WITHOUT PREJUDICE**.

Date: October 1, 2007                                  /s/
                                                                    ROSEMARY M. COLLYER
                                                                    United States District Judge