UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANE LUCAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1109 (RMC) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER TO SHOW CAUSE

While this action was pending in the Superior Court of the District of Columbia, Plaintiff Shane Lucas attempted to serve process on Metropolitan Police Department ("MPD") officers Carlton B. Wicker, Jeffery Clay, and Timothy Ford. Plaintiff's process server filed three affidavits indicating that he personally served Officers Wicker, Clay, and Ford at the Third District police station on May 23, 2007 at 9:30 a.m. *See* Defs.' Partial Motion to Dismiss [Dkt. #3] Ex. 1 (Aff. of Service — Wicker); Ex. 2 (Aff. of Service — Clay); Ex. 3 (Aff. of Service — Ford). The Defendants argued in their Partial Motion to Dismiss that these Affidavits were false and that none of the officers was personally served as required by Superior Court Civil Procedure Rule 4(e)(2).

An evidentiary hearing was held August 21, 2007, to resolve whether the officers were properly served in this matter. The Court received testimony from Officers Clay, Ford, Wicker, and Sheryl McClean, the Time and Attendance Clerk for the Third District Police Station. These witnesses provided credible testimony that the Officers were not properly served. Plaintiff's process server did not attend the evidentiary hearing, although Plaintiff's counsel assured the Court he had

been notified. The Court continued the evidentiary hearing to October 1, 2007, to allow counsel for Plaintiff to subpoena the process server, Henri Dingle. Subsequently, counsel for Plaintiff subpoenaed Mr. Dingle to compel his testimony at the October 1 hearing. Mr. Dingle once again failed to attend the evidentiary hearing.[1] The Court issued an Order to Show Cause to Mr. Dingle ordering him to show in writing why the Court should not hold him in contempt. *See* [Dkt. #12]. The U.S. Marshal was directed to serve Mr. Dingle and Mr. Dingle was directed to respond to the Court's Order no later than October 19, 2007. Timely service was not executed on Mr. Dingle. The Court discharged the October 1, 2007 Order to Show Cause and reissued the Order on October 25, 2007, for timely service by the U.S. Marshal. Mr. Dingle was ordered to respond in writing no later than November 26, 2007. *See* Dkt. #15. The U.S. Marshal Service attempted to serve Mr. Dingle personally with this Court's October 25, 2007 Order on three separate occasions.[2] The Court will perfect service by directing the Clerk of this Court to mail a certified copy of this Court's Order to Mr. Dingle's address. Accordingly, it is hereby

**ORDERED** that the Court's October 25, 2007 Order to Show Cause [Dkt. #15] is **DISCHARGED**; and it is

**FURTHER ORDERED** that, on or before **January 31, 2008**, Mr. Henri Dingle shall **SHOW CAUSE** in writing why the Court should not hold him in contempt; and it is

**FURTHER ORDERED** that the Clerk of this Court shall mail a certified copy of this Order to Mr. Dingle at the following address:

---

[1] The Court received credible testimony from investigator Marcus Head that Mr. Dingle was properly served with a subpoena to compel his appearance at the October 1, 2007 evidentiary hearing.

[2] The U.S. Marshal Service attempted service on October 26, 2007, October 29, 2007, and October 30, 2007.

      Henri Dingle
      4137 Southern Avenue
      Apartment #102
      Capitol Heights, MD 20743

      **SO ORDERED**.

Date: December 10, 2007                                         /s/
                                                                    ROSEMARY M. COLLYER
                                                                    United States District Judge